**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF MARYLAND**

| | | |
|---|---|---|
| **MYKAHEL EL BEY,** | * | |
| **Plaintiff,** | * | |
| **v.** | * | **Civil No. SAG-26-03009** |
| **SUNBELT RENTALS, INC., *et al.*,** | * | |
| **Defendants.** | * | |

* * * * * * * * * * * * *

**MEMORANDUM OPINION**

Plaintiff Mykahel El Bey ("Plaintiff") filed this case against Defendants Sunbelt Rentals, Inc. ("Sunbelt") and "Francis Doe, a fictitious name" in state court on February 20, 2026. ECF 2. The case sought compensation for an injury Plaintiff sustained on February 23, 2023, nearly three years before the case's filing. *Id.* Sunbelt removed the case to this Court, ECF 1, and has filed a motion seeking dismissal of the action for failure to effect service pursuant to Md. Rule 2-507(b). ECF 7. Plaintiff has opposed the motion, ECF 9, and Sunbelt filed a reply, ECF 11. No hearing is necessary. *See* Loc. R. 105.6 (D. Md. 2025). For the reasons stated herein, Sunbelt's Motion to Dismiss will be DENIED.

## I. PROCEDURAL BACKGROUND

Plaintiff's state court complaint identifies Sunbelt's resident agent in Maryland as The Corporation Trust Inc., 2405 York Road, Suite 201, Lutherville-Timonium, Maryland 21093. ECF 2. Despite that knowledge, after filing the state court complaint on February 20, 2026, Plaintiff failed to serve Sunbelt within the 120-day period allowed by Maryland's Rules. ECF 7 ¶ 2. On July 8, 2026, the state court clerk entered a Notice of Contemplated Dismissal under Rule 2-507(b) of the Maryland Rules of Civil Procedure. ECF 10-10. That same day, Plaintiff served Sunbelt

with the summons and complaint. ECF 9-3. Sunbelt removed the case to this Court on July 31, 2026, ECF 1, and now asks this Court to dismiss the case pursuant to Rule 2-507(b), ECF 7.

Plaintiff has adduced evidence that he sent the summons and complaint to a process server on May 4, 2026, and emailed the process server to check on the status on June 29, 2026. ECF 9-1. According to the correspondence, interim communications from the process server went to the wrong email address. *Id.* at 1.

**II. LEGAL STANDARDS**

Sunbelt contends that the case should be dismissed for lack of personal jurisdiction pursuant to Federal Rule of Civil Procedure 12(b)(2), and also notes that a defendant is permitted to challenge the sufficiency of process and service of process pursuant to Rules 12(b)(4) and 12(b)(5). ECF 7-1 at 2. Because service occurred in this case before removal to federal court, state law, not federal law, determines its sufficiency. *See Eccles v. Nat'l Semiconductor Corp.*, 10 F. Supp. 2d 514, 519 (D. Md. 1998) ("[I]t is equally well-settled that state law governs the sufficiency and service of process before removal. Rules 4(m) and 81, both as read together and as interpreted by federal courts, establish that state law governing service of process (and all other issues) applies before removal, and that federal law applies after removal.") (internal citations omitted). Accordingly, in appropriate circumstances, federal courts apply Maryland Rule 2-507(b) "when the plaintiff's failure to serve process within 120 days after its issuance deprives the state court of personal jurisdiction." *See id.*

"Dismissal is not an automatic remedy for delayed service." *Flanagan v. Dept. of Human Res.*, 989 A.2d 1139, 1147 (Md. 2010). Instead, the decision whether to dismiss for delayed service "rests in the sound discretion of a trial judge in the first instance, based on his or her weighing of the balance of the rights, interests, and reasons of the parties for the delay and the public demand for prompt resolution of litigation." *Id.* (citations omitted). In considering whether a case should

be dismissed pursuant to Rule 2-507(b), federal courts apply the same "good cause" standard that Maryland courts apply, which considers the plaintiff's "willingness to proceed with the prosecution of the claim," looks to whether the delay was "completely unjustified," and considers "whether the non-movant's delay has substantially prejudiced the movant." *Eccles*, 10 F. Supp. 2d at 520.

## III. ANALYSIS

This Court begins with the July 8, 2026, Notice of Contemplated Dismissal ("the Notice"), in which the state court cautioned, "The clerk shall enter on the docket 'dismissed for lack of jurisdiction or prosecution without prejudice' 30 days after service of this notice, unless before that time a written motion showing good cause to defer the entry of the order of dismissal is filed." ECF 7-2. This Court notes that Plaintiff effected service on Sunbelt that same day, about two-and-a-half weeks after the 120-day service deadline had expired. ECF 9-3. The case was then removed to federal court before the 30-day deadline in the Notice, ECF 1, although Plaintiff did file the written "good cause" motion in the state court after removal. ECF 10-15.

Looking at the three factors relevant to the good cause standard, there is no doubt that Plaintiff is willing to proceed with the prosecution of the claim and asked a process server to serve Sunbelt during the 120-day period. The service delay cannot be described as "completely unjustified," as Plaintiff has adduced evidence of miscommunication with the process server. *See* ECF 9-1 at 1. Without question, Plaintiff's counsel could have been more diligent in contacting the process server in the first instance and, once contacted, in monitoring completion of the service. But this Court credits counsels' representation that the process server used an incorrect email address, leading to a communication breakdown for several weeks.

Ultimately, this Court is unpersuaded that Sunbelt has been substantially prejudiced by the delay or that prejudice should be presumed on the facts of this case. In this Court's view, the

relevant delay is not the three-year delay between injury and the filing of the case – that is the limitations period fixed by state law. And the relevant delay is not the 120-day period during which service must be made. Instead, the relevant delay for this Court's consideration is the two-and-a-half weeks that elapsed between the expiration of the service period and the eventual service of process.

Perhaps recognizing that the delay here was minimal, Sunbelt cites to several cases in which courts presumed prejudice from delayed service alone. But this Court finds these cases to be distinguishable in the length of the delays and the seriousness of the lack of diligence. A closer review of their facts is instructive.

In *Reed v. Cagan*, the plaintiff filed a lawsuit in May of 1996, but did not attempt to serve one of the defendants (a practicing attorney with a readily ascertainable office address) until 1998. 739 A.2d 932, 934 (Md. 1999). In the meantime, the other parties had conducted discovery and litigated dispositive motions. *Id.* In those circumstances, when facing the attorney's eventual motion to dismiss pursuant to Rule 2-507(b), the court did "not consider a specific demonstration of prejudice to be required," but noted that a "more specific delineation and thereby a stronger showing of prejudice might be appropriate had appellant identified any justification for his failure to serve appellant for two years." *Id.* at 936.

In *Conwell Law LLC v. Tung*, a law firm sued its former employee, Ms. Tung, and two other defendants on December 16, 2011. 109 A.3d 1227, 1230 (Md. Ct. Spec. App. 2015). The law firm filed two versions of the complaint, one "confidential" because it "contained extensive attorney-client and other extremely confidential information," and one bare-bones and "non-confidential." *Id.* at 1231. The law firm then failed to make any effort to serve the defendants during the 120-day time frame or for two months thereafter. *Id.* After the state court issued a Notice

of Contemplated Dismissal, the law firm requested reissuance of the summons and served the defendants with the "non-confidential" version of the complaint. *Id.* It also advised the state court that the good cause for its delay in service was its effort to protect its client's confidentiality, and asked the court to defer dismissal and stay the case. *Id.*

Ms. Tung challenged the adequacy of service because she had not received a complete copy of the confidential complaint. *Id.* The state court denied the law firm's motion to stay the case and gave the law firm another limited window to serve Ms. Tung with the confidential complaint. *Id.* at 1232. Instead, the law firm simply mailed the confidential complaint to Ms. Tung's counsel. *Id.* In response to Ms. Tung's argument that, once again, she had not been served, the state court allowed one final summons to issue, cautioning counsel that if the court again failed to acquire *in personam* jurisdiction, it would file an order of dismissal with prejudice. *Id.* at 1233.

Once again, the law firm only mailed the final summons and complaint to Ms. Tung's counsel, and the law firm had no evidence that Ms. Tung's counsel had agreed to accept service. *Id.* at 1233–36. After considering the parties' dispute about whether serving counsel satisfied Maryland Rule 2-121(a), the trial judge granted Ms. Tung's motion to dismiss the claims against her with prejudice. *Id.* at 1236. In its ruling, the trial judge found no justification for the delay in service and presumed that Ms. Tung had suffered prejudice. *Id.* at 1236–37. Maryland's appellate court agreed, approving the presumption of prejudice in light of the fact that service never occurred despite the availability of Ms. Tung's address as a practicing attorney, and the absence of any justification for the lengthy delay. *Id.* at 1245–46.

In *Eccles v. National Semiconductor Corporation*, the plaintiff filed an action in state court on January 4, 1996, but, as of June 12, 1998, had not served the defendant with the summons and complaint. 10 F. Supp. 2d 514, 516 (D. Md. 1988). The defendant obtained a copy of the complaint

from the state court and filed a notice of removal, then argued that the case should be dismissed for lack of jurisdiction because of failure of service. *Id.* The federal court agreed that Rule 2-507 applied and did not find good cause in light of the plaintiff's failure to effect service at all, indicating that the plaintiff showed "no interest in seriously pursuing the matter in state court," and also noting that she had not "proffered the slightest justification for her inexcusable delay." *Id.* at 520.

In *Levine v. Yankee Candle Company, Inc.*, a plaintiff injured in a store sued Yankee Candle and a "Jane Doe" defendant just before the statute of limitations expired in December 2023. 8:24-cv-2954, 2025 WL 1676967, at *1 (D. Md. June 13, 2025). The summons was valid for 60 days and was not timely served. *Id.* The plaintiff requested and received reissuance in April, 2024 but once again failed to effect service. *Id.* On July 5, 2024, the state court issued a notice of contemplated dismissal. *Id.* Three days later, the plaintiff opposed the contemplated dismissal, with counsel citing a computer hack in April that left him unaware of the reissuance of the summons. *Id.* The state court again ordered reissuance of the summons but reserved judgment on the notice of contemplated dismissal. *Id.* at *2. This time, the plaintiff effected service on September 11, 2024. *Id.* Yankee Candle removed the case to federal court and moved to dismiss pursuant to Rule 2-507(b). *Id.*

The *Levine* court determined that counsel had failed to demonstrate "sufficient diligence to withstand dismissal," in light of the 8-month delay in service combined with the three-year delay in filing suit (from the date of injury). *Id.* at *3. The court also found that the plaintiff had exhibited no "modicum of diligence to attempt service" in light of the fact that "service took no more effort than mailing the summons and complaint to the resident agent." *Id.* Finally, the *Levine* court rejected the computer hack "excuse," explaining that counsel had actively participated in other

cases during the April and May timeframe, undermining the notion that the hack disabled his practice. *Id.* Also, counsel had not offered a precise explanation about how the hack frustrated his ability to effect service for an eight-month period. *Id.* The court therefore declined to find good cause and granted dismissal with prejudice. *Id.* at *4.

Of those cases, the instant case is closest to *Levine*, because it does not have the multi-year delays in service (or the complete absence of service) seen in the other cases. Where those courts found grounds to presume prejudice, this Court is not convinced that the more modest delay here warrants a similar presumption, particularly where counsel offered at least some justification for the less-than-three-week delay. *See Reed*, 739 A.2d at 936 ("With a justified delay, a higher threshold for demonstration of prejudice should be applied."). Had Plaintiff effected service on June 20 instead of July 8, Sunbelt would have no argument for Rule 2-507(b) dismissal. And Sunbelt offers no argument of actual prejudice, other than the "resources Sunbelt has been forced to expend litigating this jurisdictional defect," which is a strategy Sunbelt chose to pursue. ECF 11 at 5.

This Court recognizes that *Levine* reached a different result. But some of the aggravating circumstances in that case are absent here. Sunbelt was served 4.5 months after filing, ECF 9 at 1–2, not 8 months as in *Levine. See Levine*, 2025 WL 1676967, at *3. And the *Levine* court found reason to discredit counsel's explanation for the delay, *see id.*, a circumstance not present here. Given the facts of this case, this Court finds good cause for the 17-day delay and declines to exercise its discretion to dismiss the case pursuant to Rule 2-507(b).

## II. CONCLUSION

For the reasons set forth above, Sunbelt's Motion to Dismiss, ECF 7, is DENIED. A separate Order follows.

Dated: October 6, 2026

/s/
Stephanie A. Gallagher
United States District Judge